**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM GIL-LONDONO, | : |
| Petitioner, | : Civil No. 07-6051 (PGS) |
| v. | : |
| MICHAEL B. MUKASEY, et al., | : **O P I N I O N** |
| Respondents. | : |

**APPEARANCES:**

William Gil-Londono, Pro Se
A-37-301-829
52 Laurie Road
Landing, NJ 07850

Neil Rodgers Gallagher
United States Attorney's Ofc.
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Respondents

**SHERIDAN**, District Judge

Petitioner, William Gil-Londono is currently being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE"), at the Hudson County Correctional Center, Kearny, New Jersey, pending his removal from the United States.  On December 20, 2007, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his indefinite detention.  On March 4, 2008, Respondents filed an answer to the petition, and on March 24, 2008, Petitioner filed a reply to the answer.

For the following reasons, the petition will be denied in part. Respondents will be ordered to show cause as to Petitioner's custody review claims.

## BACKGROUND

Petitioner is a citizen and native of Columbia. He was admitted to the United States as a lawful permanent resident in 1982. In 1988, he was convicted of sexual assault, and was sentenced to probation. A notice to appear was issued by immigration and Petitioner was charged removable based on the criminal convictions. Petitioner conceded removability but applied for waivers under the Immigration and Naturalization Act §§ 212(c) and 212(h). The immigration judge ("IJ") granted the waivers, but the Board of Immigration Appeals ("BIA") sustained the Department of Homeland Security's ("DHS") appeal of the IJ's decision on June 18, 2007. The BIA ordered Petitioner removed. Petitioner was taken into custody on July 27, 2007.

Petitioner's motion for reconsideration to the BIA was denied on August 23, 2007. Currently, the matter is before the Court of Appeals for the Third Circuit on a petition for review. On October 7, 2007, the Court of Appeals stayed Petitioner's removal.

Petitioner argues that his indefinite detention violates the laws and Constitution of the United States. He asks this Court to declare his continued detention in violation of the Fifth

Amendment due process clause, and to release Petitioner under an order of supervision.

## DISCUSSION

### A. Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Analysis

#### 1. Detention

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

3

>   (i) The date the order of removal becomes
>   administratively final.
>   (ii) If the removal order is judicially reviewed and if
>   a court orders a stay of the removal of the alien, the
>   date of the court's final order.
>   (iii) If the alien is detained or confined (except
>   under an immigration process), the date the alien is
>   released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

In addition § 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, it should first be noted that Petitioner states that he has been detained since July 27, 2007. His petition for review is pending in the Court of Appeals, thus, his order of removal is not yet final. It appears that Petitioner is arguing that he should not be subject to incarceration simply because he secured a stay of removal. However, it has been held that the

six-month presumptively reasonable post-order-removal period of Zadvydas is tolled when an alien requests judicial review of a removal order.  See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004)(detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]") (citing Demore v. Kim, 538 U.S. 510, 527-29 (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003)("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order'"); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003) (as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (because petitioner

5

asked for and was granted stay of deportation, he is not being held in violation of <u>Zadvydas</u>, but rather held pursuant to stay he requested).

Here, Petitioner sought, and was granted a stay of the removal order by the United States Court of Appeals for the Third Circuit. This stay of removal remains in effect while Petitioner's underlying petition for review is pending in the Court of Appeals. Thus, this Court finds that, as the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii). See <u>Singh v. Gonzalez</u>, 2006 U.S. Dist. LEXIS 9695 (D.N.J. Feb. 21, 2006) (making the same finding); <u>Washington v. Ashcroft</u>, 2006 U.S. Dist. LEXIS 5448 (D.N.J. Feb. 8, 2006) (same); <u>Harvey v. Homeland Sec. (BICE)</u>, 2006 U.S. Dist. LEXIS 5439 (D.N.J. Feb. 8, 2006).

Moreover, there is no indication in the record that Petitioner's removal to Columbia is not reasonably foreseeable or that travel documents will not be issued once, and if, the stay of removal is lifted. Accordingly, it appears that Petitioner's continuing detention complies with the express provision of 8 U.S.C. § 1231(a)(1)(B)(ii).

2. <u>Release on bond</u>

Petitioner argues that his Fifth Amendment due process rights have been violated by his continued detention without a

6

revocation or bond hearing, and that he should be released under an order of supervision.

In <u>Oyedeji v. Ashcroft</u>, 332 F. Supp.2d 747, 753-54 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of removal should not be continuing incarceration." The court concluded that the Due Process Clause of the Fifth Amendment requires that an alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial decree. <u>See</u> <u>id.</u>

The Third Circuit has held that "[w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." <u>Ngo v. INS</u>, 192 F.3d 390, 398 (3d Cir. 1999). The fact that a stay of removal has been issued in this case should not change the result. <u>See</u> <u>Ly v. Hansen</u>, 351 F.3d 263, 272 (6th Cir. 2003). An alien not normally subject to indefinite detention as in <u>Zadvydas</u> should not be detained simply because he "seeks to explore avenues of relief" legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take. <u>See</u> <u>id.</u>

Petitioner is therefore entitled to an individualized custody review under the Due Process Clause of the Fifth Amendment. See <u>Oyedeji</u>, 332 F. Supp.2d at 752-54.[1] Custody reviews by immigration authorities are governed by 8 C.F.R. § 241.4(i), and may be guided by the procedural protections discussed by the Third Circuit in <u>Ngo v. INS</u>.[2] Here, there is nothing in the record demonstrating that any custody reviews have taken place.

Accordingly, the Court concludes that Petitioner's continued detention is statutorily permissible under 8 U.S.C. §

---

[1] In <u>Oyedeji</u>, the Middle District of Pennsylvania granted the writ of habeas corpus for a detained alien, holding that the alien's criminal record alone was not enough to justify "rubber stamp" decisions to continue detention. See 332 F. Supp. at 754-55. The Court notes that the decision in <u>Oyedeji</u> is the minority view among those courts that have confronted similar issues, and authority in the District of New Jersey suggests continuing detention. See <u>Joseph v. Dept. of Homeland Sec.</u>, 2006 WL 1644875 at *2 (D.N.J.). However, in this case, there has been no evidence submitted which reveals any type of custody review.

[2] Though the provisions discussed by the Third Circuit in <u>Ngo</u> are no longer in effect, that Court's decision still offers guiding principles by which this Court may interpret the new regulations. See <u>Joseph v. Dept. of Homeland Sec.</u>, 2006 WL 1644875 (D.N.J.). The procedural rules considered in <u>Ngo</u> require that an alien receive (1) written notice of custody review; (2) the right to representation; (3) the right to an annual personal interview; (4) a written explanation of the custody decision; (5) the opportunity for review of the decision; (6) reviews every six months; and (7) a refusal to presume continued detention based on criminal history. See <u>Ngo v. INS</u>, 192 F.3d 390, 399 (3d Cir. 1999); <u>cf.</u> 8 C.F.R. § 241.4(i) (showing minor variations from the <u>Ngo</u> procedural standards primarily consisting of subsequent administrative changes). The record in this case does not show that the ICE has satisfied these requirements as to Petitioner.

8

1231(a)(1)(B)(ii), because his removal period has not yet commenced. However, there is nothing in the record indicating that Petitioner has been afforded an individualized custody review. Therefore, the petition will be denied without prejudice, as to Petitioner's detention claims. With regard to Petitioner's custody review claims, however, Respondents will be ordered to show cause as to why the petition should not be granted.

## CONCLUSION

For the reasons set forth above, this petition will be denied as to Petitioner's detention claims. Respondents will be ordered to show cause as to why the petition should not be granted because Petitioner has not received an adequate custody review that comports with the due process principles set forth in this Opinion. An appropriate order follows.

PETER G. SHERIDAN
United States District Judge

Dated: 5/23/08